## Commonwealth v. Loughran.

*Justice of the peace—Criminal proceeding—Right of defendant to testify— Right to make statement.*

On a hearing before a justice of the peace in a criminal proceeding, the defendant has no right to testify as a witness in his own behalf, whatever right he may have to make a mere statement.

Defendant, on conviction by a justice of the peace of having operated a motor-vehicle on the public highway while under the influence of liquor, filed this petition to strike the justice's transcript from the record. Q. S. Monroe Co., Dec. Sess., 1921.

*F. J. Mervine*, for petitioner.

*C. H. Rhodes*, District Attorney, for Commonwealth.

SHULL, P. J., April 8, 1922.—The petition in this case prays that the transcript be stricken from the record. Six exceptions were taken to the transcript, though only one of them was urged at the argument. The exception urged being that one covered by paragraph 4 of the petition, namely: "4. That the Commonwealth opened its case and called several witnesses, who testified on its behalf, and then the Commonwealth rested; immediately thereupon, the defendant, through his attorney, F. J. Mervine, demanded the right to call the defendant to testify in his own behalf, that, had the squire been permitted to use his own judgment, he would have heard the testimony of the defendant, but the request of the defendant was strongly resisted by District Attorney Rhodes, who declared that the justice had no right to hear the defendant's testimony, and that he, the district attorney, had no time to listen to the defendant's testimony, whereupon the justice refused and denied the defendant the right to be heard."

Counsel for defendant contends that defendant had the right to testify, and that the justice of the peace must hear his testimony. In support of this posi-

2 D. & C.

tion, defendant's counsel cites Sadler's Criminal Procedure, page 171: "The practice has been, and, as we contend, still is, that after a party has been arrested on a warrant regularly issued, and appeared before the magistrate, the magistrate hears the witnesses on the part of the Commonwealth and the statement of the defendant where he desires at the proper time to make such a statement," and cites further the case of Com. v. Wintersteen, 6 Dist. R. 641.

As we view it, the mere fact that one is a competent witness under the law does not impose upon the justice of the peace the necessity of taking his testimony if offered. This question is fully discussed in the case of Com. v. Wintersteen, 6 Dist. R. 641, and with the conclusions in that case on this point we agree.

No statute has been cited by counsel for defendant which requires the justice of the peace to hear evidence on behalf of the defendant. Even though we accept as the practice that defendant has a right to make a statement, that would not, as we view it, mean that he has the right to insist on testifying as a witness. The transcript shows that the defendant was represented by counsel, whom we know to be competent counsel, that counsel proposed to call him to testify in his own behalf. There is a wide difference between making a statement and going on the stand to testify as a witness. This difference counsel for defendant undoubtedly knew. The transcript does not show that the defendant was denied the right to make a statement, nor that he asked that privilege. He has been denied no statutory right so far as we can ascertain from the transcript.

The remaining exceptions have no merit, a number of them being directly negatived by the transcript itself, the others being mere conclusions and not warranted by the transcript.

The exceptions are, therefore, dismissed.

And now, April 8, 1922, rule discharged.

NOTE.—The Act of May 15, 1915, P. L. 499, designates magistrates, but does not mention justices of the peace. At the argument of the case it was urged that, in view of the fact that magistrates are officers created by the Constitution, and as the act does not mention justices of the peace and does not refer to any or all officers sitting as committing magistrates, it applied only to magistrates and not to justices of the peace. This view was apparently adopted by the court.

From C. C. Shull, Stroudsburg, Pa.